# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION


**JASON ALAN SANDERS,**

      **Plaintiff,**

                                   **Civil Action 2:19-cv-2438**
                                   **Judge George C. Smith**
      **v.**                            **Magistrate Judge Chelsey M. Vascura**

**DALLAS BALDWIN,** *et al.*,

      **Defendants.**


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate at Franklin County Correction Center ("FCCC") in Franklin County, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against a number of FCCC employees, alleging that he has been denied access to recreation and telephones in violation of the Eighth Amendment. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court (1) permit Plaintiff to proceed on his conditions-of-confinement claim against Defendants Sgt. Lewis Schrader and Lt. Johnson and (2) **DISMISS** his claims against the remaining defendants pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has no money in his prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at FCCC is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

2

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, Plaintiff has been housed at FCCC since February 2019, and since that time, has been denied access to telephones and recreation. Plaintiff alleges that he has not incurred any disciplinary infractions that would warrant such restrictions. Construing his Complaint broadly, Plaintiff alleges that Defendant Sgt. Lewis Schrader is responsible for his cell assignment and the accompanying restrictions. Plaintiff filed a grievance regarding these conditions, and Defendant Lt. Johnson responded, denying his grievance with the exception of informing Plaintiff that he may access a telephone to contact his attorney. Plaintiff further alleges that although he has been permitted access to the law library, the library has not "updated the system" for 30 days. (Compl. 5, ECF No. 1-2.) In addition to naming Sg. Schrader and Lt. Johnson as Defendants, Plaintiff names Dallas Baldwin and five John Does as defendants. Plaintiff indicates that he is naming all Defendants in both their individual and official capacities and that in addition to monetary relief, he seeks injunctive relief, specifically a Court order (1) permitting him one hour of recreation five days per week, (2) allowing him access to a telephone to call his family members, and (3) requiring the library to update its laptops.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*      \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a

claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial

plausibility is established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In

considering whether this facial plausibility standard is met, a Court must construe the complaint in

the light most favorable to the non-moving party, accept all factual allegations as true, and make

reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v.*

*Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The

Court is not required, however, to accept as true mere legal conclusions unsupported by factual

allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"

*Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1,

2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.

Having conducted an initial screening of Plaintiff's Complaint under 28 U.S.C. § 1915A,

the undersigned **RECOMMENDS** that Plaintiff be permitted to proceed on his Eighth

Amendment claim arising from his alleged conditions of confinement against Defendants

Schrader and Johnson. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) ("'It is generally

recognized that a total or near-total deprivation of exercise or recreational opportunity, without

penological justification, violates Eighth Amendment guarantees. Inmates require regular

5

exercise to maintain reasonably good physical and psychological health.'") (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)); *see also Washington v. Reno*, 35 F.3d 1093, 1100 (1994) ("[A]n inmate has no right to unlimited telephone use. Instead, a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions.") (internal quotation marks and citations omitted).

It is unclear whether Plaintiff is seeking to bring a First Amendment access-to-courts claim premised upon his allegations that the computers in the law library have not been recently updated. To the extent he seeks to bring such a claim, it is **RECOMMENDED** that the claim be **DISMISSED**. Plaintiff has failed to plausibly allege a viable access-to-courts claim because has failed to sufficiently allege that the lack of the updated computers impeded his access to the courts or that he has suffered any actual prejudice to underlying litigation. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985) (must show actual prejudice to underlying litigation); *Phillips v. Ballard*, No. 5:17-CV-301, 2019 WL 2359571, at *18 (E.D. Ky. June 4, 2019) ("It is not enough for a plaintiff to complain in the abstract of alleged law library or legal aide deficiencies. Rather, the inmate must link such inadequacies to an actual injury regarding a particular non-frivolous legal claim.") (citations omitted).

The undersigned further **RECOMMENDS** dismissal of Defendant Dallas Baldwin and the five John Doe defendants. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of*

*Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendant Dallas Baldwin or the five John Doe defendants were personally involved in any violation of Plaintiff's rights. In addition, the Court is unable to discern what actions these defendants took that could suffice to form the basis of a plausible claim under § 1983. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims Defendant Dallas Baldwin and the five John Doe defendants pursuant to § 1915(e)(2).

## IV.

For the reasons set forth above, Plaintiff motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court (1) permit Plaintiff to proceed on his Eighth Amendment conditions-of-confinement claim against Defendants Shrader and Johnson and (2) **DISMISS** his claims against the remaining defendants pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, to the extent Plaintiff is seeking to advance a First Amendment access-to-courts claim, it is **RECOMMENDED** that any such claim be **DISMISSED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura* 
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE