# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JASON ALAN SANDERS,**

        **Plaintiff,**

    **v.**                           **Civil Action 2:19-cv-2438**
                                               **Judge Edmund A. Sargus, Jr.**
                                               **Magistrate Judge Chelsey M. Vascura**

**SERGEANT SHRADER,** *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

On May 15, 2020, the Court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute based on his failure to provide the Court with an updated mailing address.  (Show Cause Order, ECF No. 35.)  Plaintiff was further cautioned that failure to comply with the Show Cause Order would result in dismissal of his case.  (*Id.*)  To date, Plaintiff has not responded to the show cause order.

Under the circumstances, the undersigned finds dismissal of Plaintiff's action appropriate pursuant Federal Rule of Civil Procedure 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect 'management of

its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to provide the Court with an updated mailing address and failed to comply with the Court's show cause order. Moreover, the Court explicitly cautioned Plaintiff in the Show Cause Order that failure to comply would result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed deadlines and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Although the Court could dismiss this action with prejudice, the undersigned finds dismissal with prejudice to be too harsh a sanction under these circumstances.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3